UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHRISTOPHER J. VELTHUYSEN,

    Plaintiff,

v.                                                    Case No. 2:10-CV-36

MARK SULLIVAN & ASSOCIATES,         HON. GORDON J. QUIST

    Defendant.
_____/

## OPINION

### BACKGROUND

        Plaintiff, Christopher J. Velthuysen, a prisoner incarcerated with the Michigan Department of Corrections, filed a pro se complaint against Defendant, Mark Sullivan & Associates. Velthuysen alleges that on May 22, 2009, he answered an advertisement by Defendant in *Writer's Digest* inviting authors to submit manuscripts for possible publishing. Velthuysen alleges that he submitted a manuscript for a book titled "Hizikiah" in exchange for a fee of between $5,000 and $100,000. Plaintiff further alleges:

> I, being a first time author, was eager to answer [sic] ad, but specified in writing that I would except [sic] the low end of "Ad" for $5,000.00 for publishing rights, but for every sale over (10,000) books, I wanted 5% of said sales.
>
> Since August 12, 2008, Plaintiff has complied with copyright laws and has remained the sole owner of the copyrighted book, "Hizikiah."
>
> After the plaintiff issued to defendant the right to publish "Hizikiah" for the fee of $5,000 and 5% sales of every book over (10,000) sold, the defendant infringed on said copyright, by selling book without purchase of copyrights.
>
> The plaintiff informed defendant in a letter that he not only infringed on plaintiff's rights of copyright, but fraud & misrepresentation of ad in Writer's Digest.

(Compl. at 3.)

Defendant has filed a motion for summary judgment seeking dismissal of Velthuysen's claims.[1] Velthuysen has responded to the motion.[2] For the following reasons, the Court will grant Defendant's motion and dismiss Velthuysen's complaint.

### SUMMARY JUDGMENT STANDARD[3]

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

---

[1] On February 10, 2011, the Court entered an order setting discovery and dispositive motion deadlines. The February 10, 2011, Order specified that "motions to dismiss and/or for summary judgment shall be filed by **June 24, 2011**. Responses shall be filed by **July 22, 2011**." (Docket no. 26.) Defendant failed to file a dispositive motion prior to the June 10, 2011, deadline. In fact, Defendant did not file the instant motion for summary judgment until August 28, 2012—one week prior to the final pretrial conference set for September 4, 2012. Ordinarily, the Court would not consider a dispositive motion at this late juncture, especially because Defendant had more than sufficient time to move for summary judgment. However, the Court will consider Defendant's motion in this case because a pretrial dismissal would relieve the Court and the parties from the unnecessary expenditure of time and money that a trial would entail.

[2] Although Plaintiff's response is titled "Trial Brief," the Court construes it as Velthuysen's response to Defendant's motion.

[3] Although Defendant filed a motion for summary judgment, it cites the standard for dismissals for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and the standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Given that Defendant has indicated it is moving for summary judgment and has attached an affidavit and an exhibit to its motion, the Court will decide the motion under the Rule 56 summary judgment standard.

## DISCUSSION

### *Subject Matter Jurisdiction*

Defendant first contends that the Court must dismiss Velthuysen's complaint because it lacks subject matter jurisdiction over Velthuysen's claims. In particular, Defendant notes that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff seeks only $27,300.00 in damages—far short of the $75,000.00 amount-in-controversy requirement for diversity jurisdiction. Defendant's argument fails to consider Plaintiff's claim for copyright infringement, which arises under the Court's jurisdiction over civil actions relating to patents, copyrights, and the like. 28 U.S.C. § 1338. Therefore, the Court has federal question jurisdiction over the copyright infringement claim and supplemental jurisdiction, under 28 U.S.C. § 1367, for Plaintiff's state law claims.

### *Copyright Infringement*

To establish a claim for copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright"; and (2) copying by the defendant of the protectible elements of the plaintiff's work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991). Assuming that Velthuysen owned a valid copyright in his work "Hizikiah," he has failed to present any evidence supporting his claim that Defendant copied his work.

In support of its motion for summary judgment, Defendant submits an affidavit from Mark Sullivan, Defendant's sole general partner. (Sullivan Aff. ¶ 1, Def.'s Mot. for Summ. J. Ex. A.) According to Sullivan, Defendant "is a literary agency representing writers to publishing houses" and "does not, itself, publish books." (*Id.* ¶¶ 2–3.) Sullivan states that Defendant advertised its services in the classified section of *Writer's Digest* from sometime before October 1, 2007, through June 2008. (*Id.* ¶ 4.) Sullivan further states that Velthuysen sent a letter to Defendant but Sullivan ignored the letter because it "was clearly an irrational, misconstrued response to the old

3

advertisement . . . ." (*Id.* ¶ 6.)  Finally, Sullivan claims that he has never read Velthuysen's book, has never negotiated a sale of the book with any publishing company, and has never even seen the alleged book.  (*Id.* ¶¶ 7–8, 10.)

Velthuysen fails to offer any admissible evidence in response to Defendant's evidence.  Instead, he relies only on his unsworn statements in his response.  *See Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010) ("[A] court may not consider unsworn statements when ruling on a motion for summary judgment." (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991)).  Even if Velthuysen's statements in his response were admissible, they would not suffice to create a genuine issue of material fact with regard to Defendant's alleged copyright infringement.  Velthuysen states:

> Defendant, states in (Affidavit # 11), that he (never) read Plaintiff's book, but this is <u>not</u> accurate as Plaintiff sent first three chapters of book, along with maps, chapter outlines, a story synopsis and introduction letter, along with cover art for the book per the "AD" in Writer's Digest.

(Pl.'s Resp. at 3.)  Velthuysen's statement does not rebut Sullivan's statement that he never read or attempted to negotiate Velthuysen's book with any publishing company.  The fact that Velthuysen sent his materials relating to "Hizikiah" to Defendant does establish that Sullivan or any other agent of Defendant read the material.  More importantly, Velthuysen does not refute Sullivan's statement that Defendant is a literary agency and not a publisher and has never published Velthuysen's book.  In fact, Velthuysen has presented no evidence that anyone has ever published or sold his book.  Thus, Velthuysen's copyright infringement claim fails.

### *Breach of Contract*

Although it is not clear whether Velthuysen is asserting a breach of contract claim, any such claim fails as a matter of law.  Velthuysen alleges that he responded to Defendant's advertisement

4

requesting submissions of manuscripts and offering the right to publish submitted manuscripts for between $5,000 and $100,000, but Velthuysen fails to provide any evidence of the actual terms or contents of the advertisement. According to Defendant, the advertisement, which ran through October 1, 2007, stated:

> Manhattan Firm Seeks New Writers. In the event we are able to represent you, advances can range from $5000 to $100,000. Serious efforts only, please. Feel welcome to send 3 sample chapters and SASE to MSA/521 Fifth Avenue, 17th Floor, NY, NY 10175.

(Def.'s Mot. at 2.)

From what the Court can ascertain, it appears that Velthuysen claims that the advertisement was an offer that he accepted by sending the first three chapters of his manuscript to Defendant along with a letter stating that he would accept the low-end of an advance for $5,000 but wanted 5% for every book sale over 10,000 copies. (Compl. at 2.) Velthuysen fails to establish a breach of contract claim because the advertisement was not an offer that Velthuysen could accept merely by sending Defendant the specified materials. The advertisement said only that in the event Defendant was able to represent the author, advances could range from $5,000 to $100,000. Thus, Velthuysen's submission of materials to Defendant did not give rise to a contract. Moreover, Velthuysen himself admits that Defendant never responded to Velthuysen's letter indicating assent to the terms that Velthuysen proposed. "Before a contract can be completed, there must be an offer and acceptance. Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed." *Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 452, 733 N.W.2d 766, 770 (2006) (internal quotations omitted). Furthermore, there must be mutual assent or a meeting of the minds on all the essential terms of the agreement. *Id.* at 453, 733 N.W.2d at 770. In the instant case, Velthuysen fails to present evidence showing, let alone allege, a meeting of the minds or mutual assent between Velthuysen and Defendant on the essential terms of the agreement.

Velthuysen's breach of contract claim also fails because, even if Velthuysen could show that he had a contract with Defendant, he presents no evidence that Defendant breached the contract by failing to pay Velthuysen any amount generated from the publishing or sale of Velthuysen's alleged book. As noted above, Velthuysen has failed to present any evidence that Defendant or anyone else has published or sold his book.

*Fraud*

Velthuysen alleges that he informed Defendant in a letter that that Defendant was guilty of fraud and misrepresentation in its advertisement in Writer's Digest. (Compl. at 3.) Velthuysen provides no further factual details about the alleged fraud and misrepresentation. In any event, Velthuysen fails to allege a viable fraud claim because he fails to identify the alleged misrepresentation and how he relied on such statement to his detriment. An action for fraudulent misrepresentation must be based on a statement relating to a past or an existing fact. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). Nothing in the record suggests the existence of a misleading statement. Moreover, nothing in Defendant's advertisement was false or misleading. Accordingly, Defendant is entitled to summary judgment on this claim.

CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment and dismiss Velthuysen's complaint with prejudice.

An Order consistent with this Opinion will be entered.


Dated: November 5, 2012                    /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE